## STATE OF CONNECTICUT *v.* EVERTON JOHNSON
## (7917)

BORDEN, DALY and NORCOTT, Js.

Argued November 9—decision released November 22, 1989

*William T. Browne,* with whom, on the brief, was *Maribeth M. Browne,* for the appellant (defendant).

*Timothy J. Sugrue,* deputy assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Barbara J. Nelson,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction of possession of four ounces or more of marihuana, in violation of General Statutes § 21a-279 (b). He claims that the trial court erred (1) in admitting certain testimony by a police officer that was inadmissible expert opinion testimony, (2) in denying

his motion for a mistrial, (3) in permitting certain testimony by a police officer that deprived him of a fair trial, and (4) in denying his motion for judgment of acquittal based on insufficiency of the evidence. We have fully reviewed his claims, and find no error.

In his first claim of error, the defendant presents eleven instances of what he argues was inadmissible expert opinion testimony. Ten of these instances were elicited by him on cross-examination, without objections or motions to strike. Thus, any error or prejudice to him was invited by him. The eleventh was elicited by the state on redirect examination. It does not merit review because the defendant did not object on the ground now asserted on appeal. The second claim of error, namely, the denial of his motion for a mistrial, is without merit. Although the challenged testimony was improper, the court gave a thoroughly adequate curative charge to the jury and was well within its discretion in failing to declare a mistrial. In his third claim of error, the defendant presents ten instances of police testimony that he claims deprived him of a fair trial. Eight of these instances occurred during the defendant's cross-examination, and no objections or motions to strike were interposed by the defendant. One of the ten occurred on direct examination by the state. The defendant did not object to it, and we perceive nothing objectionable about it. The tenth occurred during redirect examination, and the defendant objected on grounds different from those now asserted on appeal. With regard to the fourth claim of error, we have examined the evidence and conclude that it is sufficient to sustain the verdict.

There is no error.